# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

ANGEL MEEKS,

      Plaintiff,

v.

CITY OF SAINT PAUL, INC.,
CHRISTOPHER B. COLEMAN, MAYOR,
JULIE KLEINSCHMIDT and
JOHN AND JANE DOES OR ROES,

      Defendants.

_____

Civil No. 10-1029 (JRT/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed In District Court Without Prepaying Fees or Costs," (Docket No. 2), by which she is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff's pleading is an incomprehensible collection of legal jargon, odd sentence fragments, and seemingly random assertions. The complaint does not

describe any specific acts or omissions by any of the named Defendants; it does not show any legal basis for Plaintiff's claims, (whatever they may be); and it does not identify the specific relief, (if any), that Plaintiff is seeking.

While a pro se pleading is to be liberally construed, it still must allege some historical <u>facts</u>, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s), based on some cognizable rule of law. <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Conclusory allegations alone will not suffice; even "a <u>pro se</u> complaint must contain specific facts supporting its conclusions." <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985).

Because Plaintiff has not alleged any facts that would support any claim against any of the individual Defendants under any cognizable legal theory, she has failed to plead any cause of action on which relief can be granted. Therefore, Plaintiff's IFP application must be denied, and this action must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

Dated: April 5, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 20, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.